E-FILED
Monday, 20 April, 2020  12:40:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL GARZA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 19-2321 |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| INC., et. al., | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint and consideration of Plaintiff's motions for leave to proceed *in forma pauperis* and for appointment of counsel. [3, 5].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Wexford Health Sources, Nurse Alicia Pearson, Healthcare Administrator Tammy Wilson, Dr. Justin Young, Healthcare Administrator Lisa Hopp, and Dr. Steven Kotterman violated his constitutional rights at both Danville and Lincoln Correctional Centers.  Specifically, Plaintiff says the Defendants were deliberately indifferent to his serious medical condition, a hernia.

1

Plaintiff alleges his hernia continued to grow, impact his daily life, and increase in pain.  Plaintiff outlines his various interactions with the named Defendants from December 16, 2017 to the present.  Plaintiff alleges Nurse Pearson refused to refer him to a doctor despite his complaints and obvious pain.  The remaining Defendants provided the wrong hernia belt, refused corrective surgery, or continued with a course of treatment which was clearly not effective.  Plaintiff has also alleged Wexford had a policy and practice of delaying or failing to approve hernia surgery in order to save costs. Plaintiff has adequately alleged an Eighth Amendment violation against each of the named Defendants.

The Court notes Plaintiff was told both doctors and health care administrators had the ability to approve the needed surgery.  The Court must take Plaintiff's factual allegations as true for the purpose of notice pleading, but Plaintiff is advised it is unlikely the administrators had this authority. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Typically, only doctors and Wexford can approve surgery while a Health Care Administrator then schedules the appointment.  Nonetheless, Plaintiff may proceed with his claims at this early juncture.

Plaintiff has also filed a Motion for Recruitment of Counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel.  In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case.  Instead, the most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).  Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted or a copy of letters sent or received.  Therefore, his motion is denied with leave to renew. [5]

Finally, Plaintiff has filed a motion for leave to proceed IFP. [3]. Plaintiff claims he has not received any income from any source over the last 12 months, but Plaintiff admits he has $585 in a checking or savings account. [3].  Nonetheless, Plaintiff's Prison Trust Fund Account indicates he received $4,069 in income during the six months before he filed his complaint or an average of $678 per month.  The money was received in gifts or income from his prison job which Plaintiff neglected to include in his motion.[4].

Plaintiff is reminded any motion filed with the Court must contain accurate, truthful information. Intentionally misleading the Court could result in sanctions or an inability to proceed IFP.  Plaintiff will not be sanctioned since he provided the copies of his Trust Fund Ledgers.  However, Plaintiff appears to be capable of paying the filing fee and therefore his motion to proceed IFP is denied. [3].  Plaintiff must pay the full $400 filing fee in full within 21 days or his case will be dismissed in its entirety without prejudice.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Wexford Health Sources, Nurse Alicia Pearson, Healthcare Administrator Tammy Wilson, Dr. Justin Young, Healthcare Administrator Lisa Hopp, and Dr. Steven Kotterman violated his constitutional rights at both Danville and Lincoln Correctional Centers when they were deliberately indifferent to his serious medical condition, a hernia.  The claim against Wexford is an official capacity claim and all other claims are individual capacity claims.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Plaintiff's motion for appointment of counsel is denied with leave to renew. [5].

3) Plaintiff's motion for leave to proceed IFP is denied. [3].  Plaintiff must pay the $400 filing fee in full within 21 days or on or before May 11, 2020  or his case will be dismissed in its entirety without prejudice.

4) The Court will direct the Clerk of the Court to attempt service of process on the Defendants only after Plaintiff has paid the filing fee in full.

ENTERED this 20th day of April, 2020.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE