UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL GARZA,  Plaintiff, | ) ) ) |
| vs. | ) )   No. 19-2321 ) |
| WEXFORD HEALTH SOURCES, INC., et. al.,  Defendants. | ) ) ) ) |

CASE MANAGEMENT ORDER

On April 20, 2020, the Court conducted a merit review of Plaintiff's complaint pursuant to 28 U.S.C. §1915A and found Plaintiff alleged various Defendants at both Danville and Lincoln Correctional Centers were deliberately indifferent to his serious medical condition. *See* April 20, 2020 Merit Review Order. However, based on Plaintiff's financial records, his motion for leave to proceed *in forma pauperis* (IFP) was denied and Plaintiff was given 21 days to pay the filing fee in full. *See* April 20, 2020 Merit Review Order.

On April 24, 2020, Plaintiff filed a motion for status update. [7]. Plaintiff was provided another copy of the Merit Review Order and the Court extended the deadline for Plaintiff to pay the $400 filing fee. *See* April 24, 2020 Text Order.

Plaintiff has now paid the fee in full, and he has renewed his motion for appointment of counsel. [8]. As previously noted, Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept

*pro bono* appointment in a civil case. Instead, the most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

Plaintiff has now demonstrated he has made at least some attempt to find counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The Court must now consider if the Plaintiff appears competent to represent himself given the difficulty of the case. *Id.*

Plaintiff's complaint clearly and coherently explained his claims and the involvement of each named Defendant. (Comp., [1]. Plaintiff also attached numerous, relevant medical records and grievances. (Comp, [1], p. 15-72).

Plaintiff will be able to obtain any other, relevant medical records during discovery, and he can testify personally to the pain he experienced, his attempts to obtain help, and the responses he received. All of which can be used to demonstrate deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

Plaintiff also states he has litigated at least one previous §1983 lawsuit concerning his living conditions. (Comp.,[1], p. 4): *see also Garza v. Cook County Department of Corrections*, Case No. 14-4252.

Finally, the Court will enter a scheduling order in this case after Defendants file their answer which provides information to assist a *pro se* litigant, and requires the exchange of initial, relevant discovery. Based on the record, Plaintiff's motion is denied.[ 8].

IT IS THEREFORE ORDERED:

1) Pursuant to the previous merit review of the complaint under 28 U.S.C. § 1915A, Plaintiff alleges Defendants Wexford Health Sources, Nurse Alicia Pearson, Healthcare Administrator Tammy Wilson, Dr. Justin Young, Healthcare Administrator Lisa Hopp, and Dr. Steven Kotterman violated his constitutional rights at both Danville and Lincoln Correctional Centers when they were deliberately indifferent to his serious medical condition, a hernia. See April 20, 2020 Merit Review Order.  The claim against Wexford is an official capacity claim and all other claims are individual capacity claims.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of

service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's motion for appointment of counsel, [8]; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 1st day of June, 2020.

                                                              s/ James E. Shadid
                                        _____
                                                      JAMES E. SHADID
                                     UNITED STATES DISTRICT JUDGE