UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL GARZA, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-2321 |
| ) | |
| WEXFORD HEALTH SOURCES, ) | |
| INC., et. al., ) | |
|    Defendants. ) | |

ORDER

This cause is before the Court for consideration of Defendant Lisa Hopp's Motion for Costs. [80].

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. See Fed.R.Civ.P. 54(d)(1). The rule "provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006).

For instance, the denial of costs may be appropriate if the losing party is indigent and has no ability to pay. *Id.* The district court first "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 535, *quoting* M*cGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir.1994). The burden is one the losing party to provide "sufficient documentation to support such a finding." *Id.* at 635 (internal quotation omitted).

1

"Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* "No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs." *Id.* at 635-36.

The Court granted both Defendant Hopp's Motion for Summary Judgment and the remaining Defendants' Motion for Summary Judgment noting the parties were to bear their own costs. *See* July 18, 2022 Summary Judgment Order. Only Defendant Hopp has filed a Motion for Costs pursuant to Rule 54(d). [80].

On July 21, 2022, the Court noted it would consider Defendant Hopp's motion and set a deadline for Plaintiff to file his response. *See* July 21, 2022 Text Order. Plaintiff was advised as the losing party, he had the burden of providing sufficient documentation concerning his ability to pay, and the Court also outlined the additional factors it would consider in determining whether to award costs. *See* July 21, 2022 Text Order.

Plaintiff filed an appeal of the Summary Judgment Order, but he failed to file a response to the Motion for Costs. On its' own motion, the Court allowed Plaintiff an extension of time to file a response. *See* October 6, 2022 Text Order. Plaintiff has filed nothing further with the Court.

Therefore, Plaintiff has failed to provide any information concerning his financial status or his ability to pay costs. Plaintiff was allowed to proceed *in forma pauperis* (IFP) in this case. However, a recent motion to proceed IFP on appeal demonstrates Plaintiff

had a balance of $3,621 in his account as of August 19, 2022. [90]. Plaintiff receives a monthly payroll check of approximately $31 dollars and has a steady income from outside sources. As for his future ability to pay, the Illinois Department of Corrections website indicates Plaintiff's projected discharge date is in January of 2025.[1] Based on the record, the Court cannot find Plaintiff is incapable of paying costs.

Defendant is requesting the costs associated with recording Plaintiff's deposition or $392.45. While the sum is significant for a prisoner proceeding IFP, it is not unreasonable. The Court further finds this action was not frivolous and Plaintiff appears to have pursued his claim in good faith.

Nonetheless, Plaintiff did not prevail on any of his claims and the Court does not believe he should be relieved of his obligation to pay costs. In addition, it appears Plaintiff is capable of payment.

IT IS THEREFORE ORDERED: Defendant's Motion for Costs is granted. [80]. The Clerk of the Court is directed to docket the Bill of Costs attached to the Defendant's motion and tax the requested costs or $392.45 against the Plaintiff pursuant to Federal Rule of Civil Procedure 54.

ENTERED this 28th day of October, 2022.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE

---

[1] *See* IDOC, Offender Search, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx, (last visited October 26, 2022).